BREWSTER (LEWIS v.). See Case No. 8,-318.

BRIARD (LAMB v.). See Case No. 8,010.

---

## Case No. 1,854.

### BRICE et al. v. ELLIOTT.

[1 Law & Eq. Rep. 570;[1] 2 Wkly. Notes Cas. 560; 22 Int. Rev. Rec. 206; 8 Chi. Leg. News, 322; 23 Pittsb. Leg. J. 179.]

Circuit Court, E. D. Pennsylvania. April 27, 1876.

REPLEVIN—DISTRESS UNDER REVENUE LAWS.

Rev. St. U. S. §§ 934, 3224.—Property distrained under authority of the revenue laws irrepleviable.

Demurrer to plea. This was an action of replevin to recover the possession of fifty-two barrels of high wines, to which the plaintiffs [Brice et al.] claimed ownership by purchase from F. Bergenthal & Bro.

[1] [Reprinted from 1 Law & Eq. Rep. 570, by permission.]

The amended plea of the defendant [Elliott] set forth that he was collector of internal revenue for the first district of the state of Pennsylvania at the time and before this suit was brought, and that he held possession of the property under the revenue laws of the United States by virtue of a levy duly made by him for tax due the United States, alleged to be owing by Bergenthal & Brother.

To this the plaintiffs demurred, assigning for cause that the property was not taken for a tax due by the plaintiffs. [Demurrer overruled.]

D. W. Sellers, for demurrer.

J. K. Valentine (U. S. Dist. Atty.), contra.

This action is in violation of the acts of congress, and is intended to prevent the collection of taxes. Rev. St. §§ 934, 3224; Purd. Dig. p. 1226, § 4; O'Reilly v. Good, 42 Barb. 521; Delaware R. Co. v. Prettyman [Case No. 3,767]; Pullan v. Kinsinger [Id. 11,463]; Stiles v. Griffith, 3 Yeates, 83; Pott v. Oldwine, 7 Watts, 173.

THE COURT (McKENNAN, Circuit Judge) gave judgment for the defendant upon the demurrer, saying that the act of congress (Rev. St. § 934) explicitly declares that property taken or distrained under authority of the revenue law shall be irrepleviable, and that the form of action of replevin is taken away from persons claiming property so taken or distrained.